Rogelio DE ARCHIBOLD,
et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 02–147 C.

United States Court of Federal Claims.

June 20, 2003.

Robert E. Goodman, Jr., Dallas, TX, for plaintiffs.

David B. Stinson, with whom were Robert D. McCallum, Jr., Assistant Attorney General, David M. Cohen, Director, and Deborah A. Bynum, Assistant Director, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. Bill Sayegh, Army Air

Force Exchange Service, Dallas, TX, of counsel.

## OPINION AND ORDER

HEWITT, Judge.

This case is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.[1] Plaintiffs seek damages for unpaid employment benefits that they claim entitlement to under Panamanian law. *See* Amended Complaint (Am. Compl. at 4–5). For the following reasons, the court GRANTS defendant's motion to dismiss and TRANSFERS the case to the District Court for the Northern District of Texas.[2]

## I. Background [3]

Plaintiffs are former employees of the Army Air Force Exchange Service (AAFES) in the Republic of Panama.[4] *See* Complaint (Compl.) at 1. Plaintiffs claim that they did not receive the "thirteen month" pay, vacation pay, severance pay, or service pay to which they allege they are entitled under the labor laws of the Republic of Panama. *See* Am. Compl. at 3–4.

## II. Discussion

### A. Standard of Review

Defendant moves to dismiss plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the United States Court of Federal Claims (RCFC). *See* Def.'s Mot. at 1. Plaintiffs bear the burden of establishing that subject matter jurisdiction exists. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 188–89, 56 S.Ct.

780, 80 L.Ed. 1135 (1936); *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed.Cir.1998). "A well-pleaded allegation in the complaint is sufficient to overcome challenges to jurisdiction." *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir.1997). But if the truth of jurisdictional facts are challenged, then the court may consider relevant evidence in order to resolve the factual dispute. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988).

The jurisdiction of this court, like all federal courts, is limited. The Tucker Act, 28 U.S.C. § 1491, confers on this court jurisdiction of claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (1996). The Tucker Act does not create a substantive right of recovery; rather, it confers jurisdiction when some other authority creates a substantive right to recover money damages. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); *New York Life Ins. Co. v. United States*, 118 F.3d 1553, 1555–56 (Fed.Cir.1997). Therefore a claimant must look beyond the Tucker Act in order to maintain a suit in the court and must identify a contract, constitutional provision, federal statute, or regulation which mandates the payment of money to the claimant. *See Clark v. United States*, 322 F.3d 1358, 1363 (Fed.Cir.2003).

Alternatively, defendant moves to dismiss plaintiffs' complaint under RCFC 12(b)(6) for failure to state a claim upon which relief can

---

1. The court has before it Defendant's Motion to Dismiss (Def.'s Mot.), Plaintiffs' Response to Defendant's Motion to Dismiss (Pls.' Resp.), Defendant's Reply to Plaintiffs' Response to [Def.'s Mot.] and Defendant's Response to Plaintiffs' Amended Complaint (Def.'s Reply), Plaintiffs' Rejoinder to [Def.'s Reply] (Pls.' Rejoinder), Defendant's [ ] Response to [Pls.' Rejoinder] (Def.'s Rejoinder Resp.), Plaintiffs' Surrejoinder in Connection with [Def.'s Mot.] (Pls.' Surrejoinder), Plaintiffs' Supplemental Brief (Pls.' Supp.), Defendant's Response to [Pls.' Supp] (Def.'s Supp.), and Plaintiffs' Reply to [Def.'s Supp.] (Pls.' Supp. Reply).

2. Based on the court's findings, plaintiffs' Motion to Strike Declaration of Robert Mouck is MOOT.

3. Facts cited to the pleadings of one party do not appear to be in dispute.

4. There appears to be a disputed question of material fact of whether or not plaintiffs were employees by appointment. *See* Pls.' Resp. at 15–27; Def.'s Mot. at 9–10. The court does not reach the question of employment by appointment because of the court's lack of subject matter jurisdiction and plaintiffs' failure to state a claim upon which relief can be granted.

be granted. *See* Def.'s Mot. at 1. Under RCFC 12(b)(6), the court must accept as true the facts alleged in the complaint, *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999) The Supreme Court has stated that in evaluating a motion to dismiss for failure to state a claim, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *see also Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989). A court must grant the motion "when the facts asserted by the plaintiff do not entitle him to a legal remedy." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir.2000). RCFC 12(b)(6) specifically instructs that where such a motion is filed and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56." RCFC 12(b); *see also Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1250 (Fed.Cir.2000).

Plaintiffs argue four theories of jurisdiction for their claims: (1) an express contract; (2) an implied-in-fact contract; (3) third-party beneficiary to an express or implied-in-fact contract; and (4) Panamanian law. *See* Am. Compl. at 3–5.

### B. The Complaint Does Not Establish an Express Contract

■ Plaintiffs allege that the document entitled "Agreement in Implementation of Article IV of the Panama Canal Treaty" (Implementation Agreement)[5] creates an express contract between the parties. *See* Am. Compl. at 2; Appendix B to Am. Compl. (App. B to Am. Compl.); Pls.' Resp. at 13. Plaintiffs claim that, pursuant to the Implementation Agreement, the labor laws of the Republic of Panama governed the terms of employment of citizens of the Republic of Panama by AAFES. *See* Am. Compl. at 2. Plaintiffs argue that Article VII of the Implementation Agreement establishes a contract between the parties. *Id.* Article VII states:

The following principles shall govern civilian employment by the United States Forces:

. . . .

    (2) In conformity with principles of the labor laws of the Republic of Panama, such regulations shall establish employment preferences in all levels for Panamanian applicants possessing the requisite skills and qualifications . . . . Similarly, the terms, conditions and prerequisites for the employment of Panamanian personnel shall conform with the general principles contained in the labor laws of the Republic of Panama.

App. B to Am. Compl. at 15 (Article VII(2)).

Defendant contends that plaintiffs' claims should be dismissed because the court does not have jurisdiction to entertain actions arising out of, or dependent upon, treaties entered into with foreign nations. *See* Def.'s Reply at 3. Defendant argues that plaintiffs' claims purportedly arise out of the Treaty and points out that plaintiffs have not cited to any statute mandating the payment of money. *Id.*

Section 1502 of Title 28, United States Code, states that: "[e]xcept as otherwise provided by Act of Congress, the United States Court of Federal Claims shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." 28 U.S.C. § 1502 (1992). The United States Court of Appeals for the Federal Circuit held that "[section 1502's] applicability is limited to those cases relying so heavily on a treaty that, but for the treaty, the plaintiff's claim would not exist." *Wood v. United States*, 961 F.2d 195, 199 (Fed.Cir. 1992).

Plaintiffs do not contend that their claims are not dependent on the Implementation Agreement, but instead argue that the Implementation Agreement is not a treaty. *See* Pl.'s Rejoinder at 9–10. Plaintiffs maintain that the Implementation Agreement is a separate agreement distinct from the Panama

---

**5.** The Implementation Agreement was signed September 7, 1977 and "entered into force" October 1, 1979. *See* App. B to Am. Compl., T.I.A.S. 10032.

Canal Treaty or any other treaty. *Id.* Therefore, according to plaintiffs, section 1502 does not apply to their claims because their claims are not "dependent upon" a treaty.[6] *See id.* at 14–15 (quoting *Hughes Aircraft Co. v. United States*, 209 Ct.Cl. 446, 534 F.2d 889, 903 (1976)).

The court notes that the Court of Claims "has in the past equated international executive agreements with treaties for purposes of Section 1502." *Hughes*, 534 F.2d at 903 n. 17. The Implementation Agreement is, on its face, an international agreement between the United States and Panama. *See* App. B to Am. Compl. at 1. In addition, the Implementation Agreement has previously been recognized by this court as part of the Treaty. *See Bonanno v. United States*, 12 Cl.Ct. 769, 772 (1987) (applying treaty interpretation principles to Article IV [of the Implementation Agreement][7] set forth in T.I.A.S. 10032). This court finds that section 1502 applies to the Implementation Agreement and, because plaintiffs' express contract claim is based solely on the Implementation Agreement, that this court does not have jurisdiction over plaintiffs' express contract claim.

### C. The Complaint Does Not Establish an Implied–in–Fact Contract

■ "A well pleaded allegation of an express, or implied-in-fact, contract necessarily includes allegations going to each of the requisite elements of a contract." *McAfee v. United States*, 46 Fed.Cl. 428, 432 (2000). The requirements for a binding contract with the United States are identical for both express and implied contracts. *See Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed.Cir.1997). Plaintiffs, as the party alleging a contract, must show "a mutual intent to contract including offer, acceptance, and consideration; and authority on the part of the government representative who entered or ratified the agreement to bind the United States." *Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed.Cir. 1997).

Plaintiffs' allegations do not set forth facts in either their complaint or amended complaint that establish the four required elements of a contract claim. *See* Compl.; Am. Compl. Plaintiffs instead argue that their claim for breach of implied-in-fact contract is "based upon [d]efendant's failure to pay to [p]laintiffs amounts due to them under Panamanian law incident to their implied contracts of employment under Panamanian law." Pls.' Rejoinder at 1 n. 1. Plaintiffs' reliance on Panamanian law to create an implied contract is misplaced.

It is well-established that a duty imposed by law does not create a contract within the Tucker Act jurisdiction of this court. *See Russell Corp. v. United States*, 210 Ct.Cl. 596, 537 F.2d 474, 482 (1976), *cert. denied,* 429 U.S. 1073, 97 S.Ct. 811, 50 L.Ed.2d 791 (1977) ("Implied-in-fact contracts differ from contracts implied in law (quasi-contracts), where a duty is imposed by operation of law without regard to the intent of the parties .... This court, of course has no jurisdiction to render judgment against the United States based upon a contract implied in law."). *See also City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed.Cir.1998) (implied-in-fact contract arising when parties' conduct indicates mutual assent in absence of

---

6. Plaintiffs argue that this court has "previously enforced a related agreement, the Agreement in Implementation of Article III of the Panama Canal Treaty, without any qualification, much less any reservation of jurisdiction, based on § 1502." Pls.' Rejoinder at 10 (citing *Coplin v. United States*, 6 Cl.Ct. 115, 122–24 (1984), *rev'd on other ground*, 761 F.2d 688 (Fed.Cir.1985), *aff'd sub nom. O'Connor v. United States*, 479 U.S. 27, 107 S.Ct. 347, 93 L.Ed.2d 206 (1986)). The court notes that *Coplin* involves a United States citizen seeking a refund of income taxes. *See Coplin*, 6 Cl.Ct. at 119. Section 7422 of title 26 of the United States Code grants an exception to 28 U.S.C. § 1502 for claims for tax refunds, *see* 26 U.S.C. § 7422(f)(1), and therefore the

court's analysis in *Coplin* is inapplicable to the present case.

7. In *Bonanno*, the court referred to document T.I.A.S. 10032 as "Article IV of the Panama Canal Treaty." 12 Cl.Ct. at 772. It is clear from the substantive text cited from that document and from the treaty series number referenced (T.I.A.S. 10032) that the court in *Bonanno* was interpreting the same document that the court is interpreting in this case. *See id.* (quoting Article XVI(2) of Article IV of the Panama Canal Treaty). *See also* App. B to Am. Compl. at 32 (Article XVI(2) of Article IV of the Implementation Agreement).

express offer and acceptance distinguished from an implied-in-law contract that imposes duties which arise by operation of law and fall outside the jurisdiction of the Court of Federal Claims). Any obligations which arise under Panamanian law would be implied-in-law and therefore outside this court's jurisdiction.

### D. Third–Party Beneficiary Theory

Plaintiffs also argue that the Implementation Agreement recognizes and provides for a direct right of action by employees of defendant as third-party beneficiaries. *See* Pls.' Supp. at 18; Am. Compl. at 3. Defendant maintains that, even if the Implementation Agreement did grant plaintiffs specific rights, the third-party beneficiary doctrine is not applicable to a government-to-government agreement. *See* Def.'s Reply at 3–4.

▮ The test for determining third-party beneficiary status is whether "the contract not only reflects an express or implied intention to benefit the party, but that it reflects an intent to benefit the party directly." *Chancellor Manor v. United States,* 331 F.3d 891, 901 (Fed.Cir.2003) (citing *Castle v. United States,* 301 F.3d 1328, 1338 (Fed.Cir. 2002), *cert. denied,* —— U.S. ——, 123 S.Ct. 2572, 156 L.Ed.2d 602 (2003)). The Federal Circuit explains that "[t]his direct benefit requirement reflects the reality that third-party beneficiary status is an 'exceptional privilege.'" *Id.* at 901. Importantly, there is "no authority" in the Federal Circuit "whereby an individual has been found entitled to judicial enforcement of a government-to-government agreement on the legal theory that they are third party beneficiaries of the agreement." *Kwan v. United States,* 272 F.3d 1360, 1363 (Fed.Cir.2001).

▮ Plaintiffs here, as did the plaintiffs in *Kwan,* attempt to distinguish their case by arguing that the Implementation Agreement is a contract, not a treaty, between two governments and therefore the third-party beneficiary doctrine should apply. *See* Pls.' Supp. at 22. Plaintiffs' argument fails because, as the Federal Circuit has held in analogous circumstances, the Implementation Agreement is an international agreement, not a contract, between two governments and is to

be interpreted using treaty principles. *See Kwan,* 272 F.3d at 1362; *Hughes,* 534 F.2d at 903 n. 17.

Plaintiffs further analogize to several cases which grant third-party beneficiary claims in the context of agreements between the United States and Indian tribes. Tr. at 28; Pls.' Supp. at 23. Plaintiffs maintain that those cases are not explained by their Indian context and therefore the same reasoning should apply in this case. Tr. at 28; Pls.' Supp. at 23. The court disagrees.

As explained in *Tsosie v. United States,* 825 F.2d 393, 401 (Fed.Cir.1987), an earlier version of 28 U.S.C. § 1502, Revised Statutes § 1066 (1874), provided that the Court of Claims had no jurisdiction over money claims based on treaties with foreign nations or with Indian tribes. The words "or with Indian tribes" were stricken by the Act of May 24, 1949, ch. 139, § 88, 63 Stat. 102. *Tsosie,* 825 F.2d at 401. The Federal Circuit explained that the change allowed "an Indian tribe [to] sue on a treaty under 28 U.S.C. § 1505 and an individual Indian [to] sue under 28 U.S.C. § 1491 and base the claim in either case on an Indian treaty, though not on a treaty with a foreign government." *Id.* This court does not have jurisdiction over plaintiffs' third-party beneficiary claims because the Implementation Agreement is an international agreement between the United States government and a foreign government.

### E. No Money–Mandating Statute

▮ In addition to their contract-related claims, plaintiffs argue that this court has Tucker Act jurisdiction over plaintiffs' damages in the nature of wages or other employee compensation. *See* Pls.' Rejoinder at 21–30. Plaintiffs maintain that Panamanian law creates the "substantive right to recovery against the United States for money damages" that is necessary for Tucker Act jurisdiction. *See id.* at 24–25.

Under the Tucker Act, this court has jurisdiction of claims "founded either upon the Constitution or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliq-

uidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). In a recent case the Federal Circuit explains that "[a] plaintiff must [ ] prove a substantive right that results in monetary recovery based upon the Constitution, a federal statute, or a regulation." *Clark,* 322 F.3d at 1363 (citing *Testan,* 424 U.S. at 398, 96 S.Ct. 948). In this case plaintiffs do not even allege that there is a substantive right based upon either the Constitution or a federal statute or a regulation.[8] The law of Panama, a foreign country, cannot act as the waiver of sovereign immunity that is required for Tucker Act jurisdiction in this court.[9] *See Clark,* 322 F.3d at 1363. *See also Testan,* 424 U.S. at 400, 96 S.Ct. 948.

### III. Motion to Transfer

In supplemental briefing after oral argument, plaintiffs ask this court for the first time to transfer their claims to a district court if defendant's motion to dismiss is granted. *See* Pls.' Supp. at 33. Section 1631 of Title 28 of the United States Code permits the court in the interest of justice to transfer a matter of which it has no jurisdiction to any court where the action might have been brought when originally filed. 28 U.S.C. § 1631 (1994). Plaintiffs assert that under 28 U.S.C. § 1331, federal district courts generally have federal question jurisdiction over claims arising under treaties. *See* Pls.' Supp. at 33. It is not sufficiently clear to the court that there is no federal claim because there are circumstances when a self-executing treaty may provide the basis for a private right of action. *See Igartua De La Rosa v. United States,* 32 F.3d 8, 10 n. 1 (1st Cir.1994); *Dreyfus v. Von Finck,* 534 F.2d 24, 30 (2d Cir.1976). Plaintiffs' request to transfer this case to the District Court for the Northern District of Texas is GRANTED.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. The Clerk of the Court is directed to TRANSFER the case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1631. No costs.

IT IS SO ORDERED.

---

8. In a footnote, plaintiffs state that Section 3652 of Title 22 of the United States Code "is arguably a basis for a right of recovery." Pls.' Rejoinder at 25 n. 8. Section 3652 merely establishes the creation of a Panama Canal Employment System and the applicability of that system to any Executive agency and the Smithsonian Institution. 22 U.S.C. § 3652. Section 3652 is not even arguably a money-mandating provision and therefore does not create Tucker Act jurisdiction for plaintiffs' claims.

9. The court notes that even if the Implementation Agreement were viewed by this court as a contract, the Supreme Court has held " 'that obligations to and rights of the United States under its contracts are governed exclusively by federal law.' " *Sam Gray Enters. v. United States,* 43 Fed.Cl. 596, 600 (1999) (quoting *Boyle v. United Techs. Corp.,* 487 U.S. 500, 504, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988)).