NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5073

ANDRE DEEKS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  October 4, 2005

_____

Before LOURIE, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

Andre Deeks appeals from the final decision of the United States Court of Federal Claims dismissing his case for lack of jurisdiction.  <u>Deeks v. United States</u>, No. 04-580C (Fed. Cl. Feb. 18, 2005) ("<u>Decision on Appeal</u>").  We <u>affirm</u>.

BACKGROUND

Deeks claims to possess a handwritten document prepared in 1792 by Colonel Marinus Willett (the "Willett Document") purportedly evidencing a 1781 agreement between the colonel and sixty members of the Oneida tribe, who were promised

blankets in exchange for their assistance during the Revolutionary War. The text of the Willett Document is alleged to be as follows:

> I do hereby certify that in a pursuit of the enemy in the county of Montgomery the latter end of October in the year 1781. In order to stimulate a party of the Oneida Indians then with me. I promised in case of exerting themselves to overtake the enemy who were put to flight. That they should each of them have a blanket. That in conveyance of this promise they began a vigorous pursuit and in a short time overtook and killed a number of the enemy. That at my return it was not in my power to comply with the promise I had made in behalf of the public. Nor have I since been able to have that engagement complied with. New York, January 26th, 1792
>
> M. Willett
>
> note there were sixty Indians in the party.
>
> M. Willett

Appellant's App. B, Ex. 1 at 30.

In 2004, Deeks filed a complaint in the Court of Federal Claims ("trial court"), alleging that the United States failed to honor Colonel Willett's 1781 agreement with the Oneida tribe. Deeks estimates that $3,000,000 is owed. The trial court dismissed his suit for lack of jurisdiction, on the ground that it was time-barred. Specifically, the trial court held that any claim arising from an alleged breach of the 1781 agreement should have been filed by 1866, pursuant to a three-year savings clause in an 1863 Congressional enactment that authorized its predecessor tribunal to issue final judgments against the government. Decision on Appeal, slip op. at 5 (citing Act of March 3, 1863, ch. 92, § 10, 12 Stat. 767, 38th Cong. (1863)). As an alternative basis for dismissal, the trial court ruled that Deeks lacked standing because he failed to show that he had suffered an injury-in-fact or had any relationship to the Oneida tribe. Id. at 6. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

Whether a complaint has been properly dismissed for lack of jurisdiction is a question of law that we review de novo. Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

On appeal, Deeks maintains that "the United States is in breach of contract" in failing to honor the 1781 agreement. Appellant's Br. at 12. In denying the applicability of a limitations period, Deeks alleges that the Willett Document is a "Bill of Credit in bearer form" that is equivalent to cash, id. at 24, and which, according to Deeks, confers standing on its possessor to sue for enforcement. Throughout his brief, Deeks accuses the trial court of, inter alia, committing "an act of sedition against the United States Constitution," id. at 13, denying his civil rights, nullifying laws governing negotiable instruments, "default[ing] on the Full Faith and Credit of the United States Constitution," id. at 44, and violating the Fifth and Fourteenth Amendments. Deeks also claims that the government "create[d] a Rico entity to defraud" him. Id. at 37.

Deeks' arguments are unavailing, and his accusations against the trial court and the government are wholly without merit. We agree with the trial court that the statute of limitations for bringing a suit to enforce an agreement dating back to 1781 has long since run. See 28 U.S.C. § 2501 (2000); Lunaas v. United States, 936 F.2d 1277, 1278-79 (Fed. Cir. 1991). We also reject Deeks' contention that the Willett Document is a "bill of credit" or some negotiable instrument, as the text reveals neither an intent that it be circulated as money, see Poindexter v. Greenhow, 114 U.S. 270, 284 (1885), nor an unconditional promise to pay a certain sum. See U.C.C. § 3-104(a).

We have considered Deeks' other arguments and conclude that they lack merit.

We therefore conclude that the dismissal was not error, and accordingly affirm.