NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5008

RODGER SMITH,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Rodger Smith, of Atlanta,Georgia, pro se.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Nancy B. Firestone

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5008

RODGER SMITH,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:   March 8, 2007

_____

Before RADER, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and GAJARSA, <u>Circuit Judge</u>.

PER CURIAM.

The petitioner, Rodger Smith, seeks review of a final decision of the United States Court of Federal Claims dismissing his claim for lack of subject matter jurisdiction. <u>Smith v. United States</u>, No. 05-1246C (Ct. Fed. Cl. Aug. 22, 2006). We <u>affirm</u>.

## BACKGROUND

On September 23, 1998, on behalf of the Morale, Welfare and Recreation ("MWR") Office, an Air Force contracting officer issued a solicitation for "leisure travel,

nonappropriated fund instrumentality official travel, and combined official and leisure travel services." The solicitation included the statement: "NO APPROPRIATED FUNDS OF THE UNITED STATES SHALL BECOME DUE OR BE PAID A CONTRACTOR BY REASON OF THIS CONTRACT."

Rodger's Travel Services ("RTS"), which is owned by Mr. Smith, submitted a bid and was awarded the concession contract on November 4, 1998. The concession contract included several standard Nonappropriated Fund Instrumentality ("NAFI") clauses and stated that it was principally designed to serve the recreational needs of Air Force servicemen through the MWR. The concession fee was to be based upon "total sales of official travel (NAFI official and appropriated fund official when combined with leisure travel), leisure travel in conjunction with either type of official travel, and all other leisure travel for all [m]odes".

On July 2005 Mr. Smith filed a claim with the contracting officer alleging that the concession fees were illegal rebates on tariff-controlled international airfares in violation of 49 U.S.C. §§ 46309[1] and 41510[2] and seeking reimbursement for the concession fees paid on international airfares ($3,116.00). Approximately four months later, before the contracting officer issued a decision upon his claim, Mr. Smith filed a complaint under the Contracts Disputes Act ("CDA") of 1978, 41 U.S.C. §§ 601-613, with the United States Court of Federal Claims ("CFC") seeking reimbursement of all his expenses

---

[1] Under 49 U.S.C. § 46309, criminal penalties are authorized against any person that receives a rebate or concession in connection with purchasing a foreign airfare at a price that varies from the tariff.

[2] Under 49 U.S.C. § 41510, it is unlawful for a person to charge a price for foreign air travel that is different from the price specified in the tariff of the carrier.

($82,635.97) under the contract.[3]  The CFC dismissed his appeal for lack of subject matter jurisdiction because his complaint arose from a contract entered into with the MWR, which is a NAFI and not an entity subject to the Tucker Act, 28 U.S.C. § 1491(1)(a).

### DISCUSSION

This court has jurisdiction over an appeal of a final decision of the CFC based on 28 U.S.C. § 1295(a)(3).  Whether the CFC properly dismissed the appellant's complaint for lack of subject matter jurisdiction is a question of law that we review de novo. Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

The CFC does not have jurisdiction over contract claims against the United States involving NAFIs,[4] except for certain exchanges listed in the Tucker Act, 28 U.S.C. § 1491(a)(1).[5] Core Concepts of Florida, Inc. v. United States, 327 F.3d 1331, 1334, 1338 (Fed. Cir. 2003); see Furash & Co. v. United States, 252 F.3d 1336, 1338-1339 (Fed. Cir. 2001) (Under the non-appropriation doctrine, the CFC lacks jurisdiction over an action against the United States in which congressionally appropriated funds cannot be used to pay the resulting judgment); 28 U.S.C. § 2517.  Contracts with NAFIs outside the enumerated exchanges are not covered by the CDA. Furash, 252 F.3d at 1343. This court has already held that an MWR is a NAFI outside of the exchanges

---

[3]     At the time Mr. Smith filed suit in the CFC, sufficient time had elapsed since the filing of his claim with the contracting officer for it to be deemed a decision by the contracting officer denying the claim under the CDA. 41 U.S.C. § 605(c)(5) (2000).

[4]     A NAFI is a federal government entity whose "monies do not come from congressional appropriation but rather primarily from [their] own activities, services, and product sales." El-Sheikh v. United States, 177 F.3d 1321, 1322 (Fed. Cir. 1999).

[5]     The CFC has jurisdiction over the following exchanges: "the Army and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard Exchanges, or Exchange Councils of [NASA]." 28 U.S.C. § 1491(a)(1) (2000).

listed in §1491(a)(1). <u>Pacrim Pizza Co. v. Pirie</u>, 304 F.3d 1291, 1293 Fed. Cir. 2002) (holding that the court lacked jurisdiction to hear a contract claim under the CDA because an MWR is an NAFI outside the exchanges covered by § 1491(a)(1)).

In the present case, the CFC properly found that the MWR was a separate NAFI within the Air Force, and that the MWR is overseen and supported by the Air Force Services Agency ("AFSVA"). Mr. Smith argues that because the MWR merged with the AFSVA in 1992, the concession contract was not with a NAFI but instead with the AFSVA. In support, Mr. Smith relies on statements in an Air Force Fact Sheet, which had been posted on the internet. Specifically, those statements are: "MWR and Services merged Air Force wide in 1992[,]" and "[o]n Jan. 1, 1994, the Air Forces [MWR] and Services Agency was renamed Air Force Services Agency." However, the CFC properly found that the MWR was not merged with the AFSVA, but rather that the AFSVA oversees and supports the MWR. The same fact sheet that Mr. Smith cites also states:

> The [Air Force Services Agency] <u>manages</u> Air Force central nonappropriated funds (NAFs) and operates central systems for field support such as banking, investments, purchasing, data flow, and insurance benefits programs, and the personnel system for NAF employees. AFSVA supports the Air Force Morale, Welfare, and Recreation Advisory Board and interacts with other agencies and armed services in areas affecting Services.

(emphasis added). Even though the AFSVA oversees and supports the MWR, the MWR is still an NAFI. A.F. Instructions 32-201, Ch. 2, 3 (June 17, 2002).

The CFC properly also found that the contract was between RTS and the MWR. The fact that the contract was signed by an Air Force contracting officer does not convert it into a contract with the Air Force. As custodians of the various NAFIs, the

heads of Services may contract upon behalf of the NAFI. AFI 34-201, Chapter 2, Section 2.5.4 (June 17, 2002). Furthermore, the contract itself provided that the contract was between RTS and the MWR and that the MWR was a NAFI.

Mr. Smith argues that the CFC does have jurisdiction because, although the concession contract was with the MWR, the contract involved appropriated funds. Mr. Smith has not established that the MWR activities at issue here were actually funded with appropriated funds. In his brief, Mr. Smith states that it is "clear that appropriated funds were being used to support the activities of the MWR." He also declares that he created a report regarding all travel arrangements made using appropriated funds for the Defendant. However, he did not include this report or receipts in the record to corroborate that appropriated funds actually funded the MWR activities at issue.

The fact that tickets may have been purchased using appropriated funds does not mean that the MWR as an entity is funded with appropriated funds. From the terms of the contract, it appears that the travel services were to be purchased by "customers" or "patrons" and not the MWR. RTS's customers may have paid for the travel using appropriated funds, but that does not necessarily mean that the MWR is an entity that received appropriated funds. Rather, the concession fee appears to be consideration paid by RTS for the opportunity to sell travel services to Air Force servicemen. Mr. Smith has not established that the servicemen received their funding from the MWR to buy these tickets.

Mr. Smith correctly points out that, to establish jurisdiction, the plaintiff need not show that appropriated funds have actually been used for the agency's activities, but only that "under the agency's authorizing legislation Congress could appropriate funds if

necessary." Furash, 252 F.3d at 1339 (quoting L'Enfant Plaza, 668 F.2d at 1212). However, Mr. Smith has not cited a statute (or regulation) showing that Congress could appropriate funds if necessary for the MWR for leisure travel combined with official travel or NAF official travel for Air Force Servicemen, and we have not found one.

Mr. Smith argues that the terms of the contract establish that appropriated funds would be used to support the MWR's activities. The fact that the contract specified that it could cover certain "appropriated fund travel" did not convert the contract with a NAFI into a contract with an appropriated funds entity. As discussed above, just because tickets may have been purchased using appropriated funds does not mean that the MWR as an entity is funded with appropriated funds. Furthermore, the contract explicitly specified that NAFI contracts "do not obligate appropriated funds of the United States. NO APPROPRIATED FUNDS OF THE UNITED STATES SHALL BECOME DUE OR BE PAID A CONTRACTOR BY REASON OF THIS CONTRACT." (emphasis included).

CONCLUSION

For the foregoing reasons, the CFC properly dismissed Mr. Smith's contract claim against the MWR, which is an NAFI, for lack of subject matter jurisdiction. We therefore affirm the judgment of the CFC.

No costs.