NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FIRAS ABDUL RAZZAQ AL-QAISI,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5079

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-684, Judge Charles F. Lettow.

---

Decided: August 10, 2012

---

FIRAS ABDUL RAZZAQ AL-QAISI, of Falls Church, Virginia, pro se.

DAVID D'ALESSANDRIS, Trail Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director. Of counsel on the brief was TYSON MCDONALD, Litigation

Attorney, United States Army Litigation Division, of Fort Belvoir, Virginia.

---

PER CURIAM.

Firas Abdul Razzaq Al-Qaisi appeals from the decision of the United States Court of Federal Claims, which dismissed his complaint for lack of jurisdiction. *Al-Qaisi v. United States*, 103 Fed. Cl. 439 (2012). Because the Court of Federal Claims correctly held it lacked jurisdiction over the asserted claims, we *affirm*.

## BACKGROUND

Mr. Al-Qaisi, an Iraqi citizen now residing in the United States as an asylee, was an advisor and informant to the United States Embassy in Baghdad. Mr. Al-Qaisi alleges that in March 2007 he informed United States intelligence personnel about roadside bombs planted on a United States military convoy route in Iraq. Mr. Al-Qaisi claims that this information was ignored and later, as U.S. military vehicles passed the roadside bombs, the bombs exploded injuring several American soldiers and killing one. Mr. Al-Qaisi alleges that in an attempt to cover up its failure to heed to his warnings regarding the roadside bombs, the U.S. military: 1) targeted his bedroom with "missile bombs" in an attempt on his life; 2) planned and facilitated Mr. Al-Qaisi's abduction and illegal detention as carried out by the Iraqi National Police; and 3) prevented his recovery by concealing his name from the United States government database that records detainee locations.

Mr. Al-Qaisi filed suit in the United States Court of Federal Claims for his alleged mistreatment. The Court of Federal Claims held that Mr. Al-Qaisi's claims sounded in tort, which is outside of its jurisdiction, and he failed to

identify a money-mandating statute. The Court of Federal Claims further explained that even had Mr. Al-Qaisi argued that the shelling of his house was a Fifth Amendment taking rather than a tort, his claims would be precluded by the military necessity doctrine. Mr. Al-Qaisi also argued that the alleged events were "preplanned and intentional crimes" and violations of customary international law. The Court of Federal Claims stated that it lacked jurisdiction to entertain criminal claims and Mr. Al-Qaisi did not specify any particular aspect of customary international law that is money-mandating. The Court of Federal Claims dismissed Mr. Al-Qaisi's complaint for lack of subject matter jurisdiction and he timely appealed. We have jurisdiction pursuant to 28. U.S.C. § 1295(a)(3).

## DISCUSSION

We review whether the Court of Federal Claims properly dismissed Mr. Al-Qaisi's complaint for lack of subject matter jurisdiction *de novo*. *See Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). The Tucker Act grants the Court of Federal Claims jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate [money-mandating] source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted).

We see no error in the decision of the Court of Federal Claims. Mr. Al-Qaisi's claims sound in tort and criminal law, which are not within the jurisdiction of the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1); *Joshua v. United States,* 17 F.3d 378, 379 (Fed. Cir. 1994). Additionally, Mr. Al-Qaisi fails to specify a money-mandating statute for his cause of action, which is required for a Tucker Act claim.[1] *See Fisher,* 402 F.3d at 1172. Mr. Al-Qaisi argues that the Court of Federal Claims failed to take into account the Reciprocity Act, 28 U.S.C. § 2502, as a basis for jurisdiction. According to the Reciprocity Act, if citizens of the United States are granted the right to prosecute claims against a foreign government in its courts, "[c]itizens or subjects of [that] foreign government . . . . may sue the United States in the United States Court of Federal Claims if the subject matter of the suit is otherwise within such court's jurisdiction." 28 U.S.C. § 2502. The Reciprocity Act only allows such suits to the extent the subject matter is otherwise within the jurisdiction of the Court of Federal Claims. Here it is not. Mr. Al-Qaisi has not been stopped from bringing suit in the United States as he asserts; his claims are merely outside the jurisdiction of the Court of Federal Claims.

While Mr. Al-Qaisi asserts that the Court of Federal Claims should have applied customary international law to his claims, this does not cure his subject matter jurisdiction problems. Mr. Al-Qaisi neither explains why customary international law should be applied nor identifies a money-mandating provision of customary interna-

---

[1]    Because Mr. Al-Qaisi does not dispute the issue on appeal, we do not address whether the military necessity doctrine would preclude him from bringing the shelling of his house as a Fifth Amendment taking as the Court of Federal Claims stated.

tional law.  Without more, Mr. Al-Qaisi cannot establish subject matter jurisdiction in the Court of Federal Claims.

We have considered Mr. Al-Qaisi's remaining arguments and do not find them persuasive.

## AFFIRMED

### COSTS

No costs.