NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TEWANIA C. HARRIS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-2153

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00857-TCW, Judge Thomas C. Wheeler.

---

Decided: December 9, 2019

---

TEWANIA C. HARRIS, Tupelo, MS, pro se.

MEEN GEU OH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, JAMES PATRICK CONNOR, ROBERT EDWARD KIRSCHMAN, JR.

---

Before NEWMAN, MOORE, and CHEN, *Circuit Judges.*

PER CURIAM.

Tewania Harris appeals a decision of the Court of Federal Claims (Claims Court) dismissing her complaint for failure to state a claim and for lack of subject-matter jurisdiction. *Harris v. United States*, No. 19-857, 2019 WL 2581622 (Fed. Cl. June 24, 2019) (Opinion). Because the Claims Court lacked subject-matter jurisdiction, we *affirm*.

## BACKGROUND

Ms. Harris filed a complaint in the Claims Court on May 29, 2019. The complaint alleges that her "International Inheritance" is being withheld by a variety of federal, foreign, and private parties. It requests that the court authorize release of funds held inside the United States Government.

The Claims Court *sua sponte* dismissed Ms. Harris' complaint on June 24, 2019. It found that the complaint failed to state a claim for which relief could be granted because Ms. Harris "fail[ed] to support her claim with any factual evidence" or explain how "the accused parties [were] involve[d]" in the claims giving rise to her cause of action. Opinion at *1. It also found that it lacked subject-matter jurisdiction because the Claims Court's jurisdiction is limited to claims against the United States and because the complaint fails to identify any federal law as a basis for relief. *Id.* at *1-2.

Ms. Harris timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo a Claims Court decision dismissing a complaint for lack of subject-matter jurisdiction under RCFC 12(b)(1). *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). In deciding whether it has subject-matter jurisdiction, the Claims Court "accepts as true all uncontroverted factual allegations in the complaint, and

construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). The Tucker Act confers jurisdiction on the Claims Court and waives sovereign immunity for certain claims for monetary relief against the United States where the plaintiff identifies a constitutional provision, federal statute, executive agency regulation, or "any express or implied contract with the United States" that creates the right to money damages. 28 U.S.C. § 1491(a)(1)

Other than a passing reference to her civil rights, Ms. Harris fails to reference a statutory or constitutional basis for her claims, let alone one that allows for monetary damages. Supplemental Appendix at 8. Thus, the Claims Court correctly determined that it lacked subject-matter jurisdiction.

## CONCLUSION

Because the Claims Court lacked subject-matter jurisdiction, we *affirm*.

## AFFIRMED

### COSTS

No costs.