**Douglas G. DEASON, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 03–490 C.

United States Court of Federal Claims.

July 16, 2003.

---

General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director, United States Department of Justice, Washington, DC, for defendant. Lt. Col. P. Christopher Clark, U.S. Air Force Legal Services Agency, Arlington, VA, of counsel.

*OPINION*

HEWITT, Judge.

This cases arises out of plaintiff's separation from the United States Air Force on March 8, 1985. Defendant's Motion to Dismiss (Def.'s Mot.) at 1. The court finds that the claim is time-barred under the recent decision of the United States Court of Appeals for the Federal Circuit in *Martinez v. United States,* 333 F.3d 1295 (Fed.Cir.2003).

I. Background

Plaintiff was a member of the United States Air Force from February 3, 1978, until March 8, 1985, when he was involuntarily separated. Def.'s Mot. at 2; Appendix to Defendant's Motion to Dismiss (Def.'s App.) at 5. While plaintiff was given an honorable discharge, the stated reason for the involuntary separation was homosexuality. Def.'s Mot. at 2; Def.'s App. at 5. Plaintiff claims that this stated reason was in error, and that error, along with an improper reenlistment code,[1] prevented him from rejoining the service and "invited *discrimination,* which discouraged and prevented the plaintiff from using the document for purpose of gainful employability in civilian life." 2003 Complaint (Compl.) ¶ 3 (emphasis in original). Based on several considerations,[2] plaintiff re-

Douglas G. Deason, Kingsburg, CA, pro se.

David A. Harrington, with whom were Robert D. McCallum, Jr., Assistant Attorney

---

1. Plaintiff received an honorable discharge, but his reenlistment code was 2B, which indicated he "was involuntarily discharged with a general or under other than honorable conditions service characterization." Def.'s Mot. at 2 n.4.

2. In his complaint filed March 3, 2003, plaintiff "[r]equest[s] [t]he [c]ourt consider the following issues in its decision for relief sought:"

a) Wrongful separation on March 8, 1985, and wrong codes, with inappropriate Narrative Reason, until correction on February 7, 2002 and May 24, 2002.
b) Harsh separation on March 8, 1985; and, a harsh Narrative Reason, until correction on February 7, 2002.

c) Improper discharge on March 8, 1985; and improper codes and Narrative Reason, until correction on February 7, 2002 and May 24, 2002.
d) Mental duress, stress and suffering for the seventeen years of un-resolve, while fighting for corrections.
e) Loss of time in active duty service, and/or, loss of time in active reserves, and/or, loss of possible/probable reenlistment; And/or;
f) Loss of gainful employability due to an unusable separations document, from March 8, 1985 thru May 24, 2002, which had false, other than honorable codes, and a narrative reason that invited *discrimination.*
Compl. ¶ 5 (emphasis in original).

quests the court "determine that the plaintiff has submitted enough evidence to establish *reasonable doubt* needed to correct, restore, and bring relief from accusations brought against him, and that, he was *improperly discharged* and should be compensated for *loss of time in service.*" *Id.* ¶ 17 (emphasis in original).

Plaintiff initially applied to the Air Force Discharge Review Board to correct these errors, and his requests were denied on November 12, 1986. Def.'s Mot. at 2; Def.'s App. at 12–17. Plaintiff subsequently petitioned the Air Force Board for Correction of Military Records (AFBCMR) several times for relief.[3] Plaintiff's Replication to Defendant's Motion to Dismiss (Pl.'s Opp.) at 1. On February 7, 2002, the reason for discharge was changed to Secretarial Authority. Def.'s Mot. at 3. By letter dated March 28, 2003, plaintiff was notified that his reenlistment code had been changed administratively.[4] Pl.'s Opp. at 2. On March 3, 2003, plaintiff filed this claim with the court. Now before the court are Defendant's Motion to Dismiss and plaintiff's opposition thereto, Defendant's Reply in Support of Its Motion to Dismiss (Def.'s Reply), and Plaintiff's Reply to Defendant's Reply in Support of Its Motion to Dismiss (Pl.'s Reply). For the following reasons, defendant's Motion to Dismiss is GRANTED.

## II. Discussion

### A. Motion to Dismiss Standard

Rule 12(b)(6) of the Court of Federal Claims (RCFC) governs dismissal for "failure to state a claim upon which relief can be granted." RCFC 12(b)(6). Under RCFC 12(b)(6), the court must accept as true the facts alleged in the complaint, *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999), and must construe all reasonable inferences in favor of the non-movant, *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed.Cir.

2001). A court must grant the motion "when the facts asserted by the plaintiff do not entitle him to a legal remedy." *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir. 2000). In making this determination, "pleadings drafted by *pro se* plaintiffs are held to a less stringent standard than pleadings drafted by attorneys." *Thomas v. United States*, 56 Fed.Cl. 112, 114 (2003) (citing *Troutman v. United States*, 51 Fed.Cl. 527, 531 (2002)). RCFC 12(b)(6) provides that where a motion to dismiss is filed and "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in RCFC 56." RCFC 12(b)(6); *see also Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1250 (Fed.Cir.2000).

### B. Statute of Limitations

[1] Defendant argues that this case falls well outside the six-year statute of limitations set for this court by 28 U.S.C. § 2501 (1992). Def.'s Mot. at 7–9. Plaintiff was discharged from the Air Force on March 8, 1985. Compl. ¶ 5. Defendant argues that plaintiff's cause of action accrued on that date, and therefore the six-year statute of limitations expired on March 8, 1991. Def.'s Mot. at 8. Defendant further argues that plaintiff's subsequent action at the AFBCMR did not create a new cause of action or toll the statute of limitations. *Id.* at 8–9.

Plaintiff counters that because there was never a six-year gap between the claims he filed with the AFBCMR, and because each claim was "intended to reopen, or, start a new claim with new and material relevant evidence," the statute of limitations has not expired. Pl.'s Opp. at 1. According to plaintiff, "[t]here would be no need for [him] to request his issues be heard before the U.S. Court of Federal Claims, had the AFBCMR made a favorable decision upon his behalf in regard to the relief sought." *Id.* at 1–2. Accordingly, plaintiff believes that the last date on which plaintiff requested his file be

---

**3.** Plaintiff petitioned the AFBCMR on February 22, 1988, February 12, 1993, February 23, 2001, and June 23, 2002. Pl.'s Opp. at 1.

**4.** Plaintiff was notified by letter dated March 28, 2003, that his reenlistment code had been

changed administratively, Def.'s App. at 1, but it appears that the code was actually changed on May 24, 2002. Compl. ¶ 5(c); Certificate of Release or Discharge From Active Duty attached to Complaint.

reopened for correction, June 23, 2002, is the date on which his claim accrued. *Id.* at 2.

The effect of proceedings before a corrections board on the accrual of a military pay case was recently addressed by the Federal Circuit in *Martinez v. United States*, 333 F.3d 1295 (Fed.Cir.2003). The court reviewed a long line of cases rejecting the argument that these claims do not accrue until after the correction board has entered a final decision denying relief. *Id.* at 1303 (internal citations omitted). These decisions were based on the conclusion that a petition to the correction board is a permissive, not mandatory, administrative remedy. *Id.* at 1303–04. Because a plaintiff is not required to exhaust his or her administrative remedies by going to the corrections board, a petition to the board cannot toll the statute of limitations. *Id.* at 1304. Further, the court found that "Congress did not authorize postponement of the running of the limitations period while optional administrative remedies were being exhausted." *Id.* at 1306. Because Congress did not require "service members ... to exhaust their remedies in the correction boards before filing suit under the Tucker Act," the court could not now authorize the statute of limitations to be tolled under these circumstances. *Id.* Under the rule stated in *Martinez*, plaintiff's claim accrued on March 8, 1985, and the statute of limitations expired on March 8, 1991, well before this case was filed.

Plaintiff's claim that each petition to the AFBCMR was a new claim, and therefore the statute of limitations could not have expired until after his most recent petition was filed on October 17, 2001, *see* Pl.'s Opp. at 4, is also addressed in *Martinez*. The court in *Martinez* points out that to be within the Tucker Act jurisdiction of the Court of Federal Claims, a claim must be for money owed to a plaintiff from the federal government. *Martinez*, 333 F.3d at 1311. Here, the claim is for money allegedly owed due to plaintiff's separation from service. *See* Compl. ¶ 5. According to the Federal Circuit, "[t]he injury caused by the separation was not altered or exacerbated by the correction board action." *Martinez*, 333 F.3d at 1314. "Because [plaintiff] is entitled to monetary relief only if

he can show that he was improperly separated, a suit in the Court of Federal Claims that purports to challenge the correction board decision is in essence an action challenging his separation." *Id.* at 1314. Similarly, there is no reason here to find that plaintiff's injury was "altered or exacerbated" by the AFBCMR. Therefore, plaintiff's petition to the AFBCMR does not constitute a new action, and has no effect on the expiration of the statute of limitations here.

■ Finally, plaintiff requests, in effect, equitable tolling "in the interest of justice," because plaintiff was able to present new evidence to the AFBCMR in 2001. Pl.'s Reply at 1. A similar issue was also specifically addressed in *Martinez*. In *Martinez*, plaintiff claimed that there was no basis to bring his claim until the evidence was clear that he was entitled to money from the government. *See Martinez*, 333 F.3d at 1318–19 (claim of plaintiff to be a victim of a fabricated charge, putting forward new evidence, a statement from his ex-wife alleging that she was part of the plot to fabricate the charge against plaintiff). The court rejected this claim, stating that "[t]he fact that he had sounder support for his claim ... is not a sufficient basis to establish equitable tolling." *Id.* at 1319. Because plaintiff "was fully aware of the injury he had suffered at the time he was separated from active duty, and he was aware that, as he views the matter, he was the victim of fabricated charges," plaintiff could not later claim that the statute of limitations should be tolled because evidence was brought forward that supported his claim. *Id.* at 1318–19.

Plaintiff here was aware of the injury he had suffered when he was separated from active duty; and he was aware that, in his view, he was the victim of a fabricated charge. While plaintiff claims that "government documents took years for [him] to obtain," and "[t]his was needed to prove [his] innocence," Pl.'s Reply at 1, these circumstances have no bearing on whether plaintiff had the information necessary to bring a claim prior to March 8, 1991. Here, the same facts alleged in plaintiff's complaint in this action were first addressed by the Air Force Discharge Review Board on November 20, 1986. *See* Compl. (Air Force Discharge

Review Board Hearing Record Report attached to complaint that denied plaintiff's request for change of reason for discharge). When he first went to the Discharge Review Board, plaintiff claimed that his discharge was inequitable and the result of an obvious conspiracy. *See id.* Because plaintiff was armed with sufficient facts at that time to bring a claim before the Discharge Review Board, he was armed with sufficient facts to bring a claim before this court. Accordingly, equitable tolling does not apply to this case.

III.   Conclusion

Because the statute of limitations in this case expired on March 8, 1991 and plaintiff did not file his complaint until March 3, 2003, the court has no jurisdiction to hear this case. Therefore, Defendant's Motion to Dismiss is GRANTED and the Clerk of the Court is directed to dismiss the Complaint. The parties shall bear their own costs.

IT IS SO ORDERED.