PER CURIAM.
Douglas Deason appeals the order of the Court of Federal Claims dismissing his claim of wrongful separation from the United States Air Force as untimely. Deason v. United States, 57 Fed. Cl. 266 (2003). We review this decision de novo, Tippett v. United States, 185 F.3d 1250, 1254 (Fed.Cir.1999), and affirm.
Deason makes two arguments on appeal. First, he claims that the statute of limitations should run from the last denial of the Air Force Board for the Correction of Military Records (“AFBCMR”). Second, he asserts that new evidence has surfaced which justifies equitable tolling of his cause of action. As to Deason’s first contention, we determined in Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir.2003), that a plaintiffs cause of action in a military discharge case accrues at the time of the plaintiffs discharge. The statute of limitations is not tolled because the plaintiff chooses to pursue permissive administrative remedies, such as correction by the AFBCMR. Id. at 1304. With respect to equitable tolling, the circumstances of this case do not justify such a remedy, even if it were available, because Deason has proffered no adequate reason for his delay. See id. at 1318 (declining to decide whether equitable tolling is available under 28 U.S.C. § 2501). As such, the decision of the Court of Federal Claims to dismiss for lack of subject matter jurisdiction is correct.