**In re Po Kee WONG.**

**No. 03–1322.**

United States Court of Appeals, Federal Circuit.

DECIDED: Oct. 27, 2003.

Rehearing and Rehearing En Banc Denied Dec. 5, 2003.

**108**

Before NEWMAN, LOURIE and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

Po Kee Wong appeals the November 20, 2002 final decision of the United States Patent and Trademark Office, Board of Patent Appeals and Interferences ("the Board"), which affirmed the final decision of the Examiner rejecting claim 1 of his patent application as being anticipated under 35 U.S.C. § 102(b) by Sharp, *EL–5200 Graphic Scientific Calculator Owner's Manual*, 36, 227–28 (1989) ("the Sharp reference"). *Ex Parte Po Kee Wong*, No.2001–0411 (Bd. Pat.App. & Interferences, November 20, 2002) (*"BPAI Decision"*). We *affirm*.

## DISCUSSION

### I.

On December 1, 1997, Mr. Wong filed the instant patent application (Serial No. 08/980,657) ("the '657 application"), entitled "Uniquely–Corrected System and Method to Compute High Power Functions." The application includes a single claim. The claim was rejected as anticipated by the Sharp reference. After final rejection, Mr. Wong appealed to the Board. The Board affirmed the examiner's rejection, and this appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

### II.

Mr. Wong bears the burden of establishing that the Board committed reversible error. *See In re Gartside*, 203 F.3d 1305, 1315–16 (Fed.Cir.2000). Anticipation, as well as what a reference teaches, is a question of fact. *Teleflex, Inc. v. Ficosa N. Am. Corp.*, 299 F.3d 1313, 1323 (Fed. Cir.2002); *In re Hyatt*, 211 F.3d 1367, 1371–72 (Fed.Cir.2000). We uphold the Board's fact findings if they are supported by substantial evidence in the record. *See Hyatt*, 211 F.3d at 1372. The substantial evidence standard is "a limited standard of review that only tests whether a determination is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Inland Steel Indus. v. United States*, 188 F.3d 1349, 1359 (Fed.Cir.1999) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

We review the Board's interpretation of claim language to determine if it is "reasonable" in light of all the evidence before the Board. *In re Morris*, 127 F.3d 1048, 1053–54 (Fed.Cir.1997). During prosecution, the Board must give claims their "broadest reasonable interpretation." *Id.* If claims are written in means-plus-function format, according to 35 U.S.C. § 112, ¶ 6, the Board must construe them "to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." *In re Donaldson*, 16 F.3d 1189, 1193 (Fed.Cir.1994) (en banc).

The sole issue on appeal is whether the Sharp reference anticipates claim 1, the only claim of the '657 application. Claim 1 reads as follows:

1. In a calculator of the type which has a built-in section to calculate a symbolic high power function, the improvement the built-in section comprising:

symbolic exponential discriminator means for determining the upper-most exponential power of the function and for determining whether the exponential power is an exponent to a base number within the function;

exponential calculation means for making an exponential calculation based upon the upper most exponential power; and

means for substituting the calculation as the upper-most exponential power when the calculation is a higher power of the base number.

Claim 1 is written in means-plus-function format according to 35 U.S.C. § 112, ¶ 6. Thus, according to *Donaldson,* claim 1 must be construed in light of the methods and structure described in the specification. The '657 specification broadly describes the invention according to figures 1 and 2. The description relies on a mathematical example to describe a relatively simple high-order exponential calculation. Few details are provided and, notably, the use of parentheses to properly order the operations is not disclosed.

The Sharp reference allows the user to establish the priority levels of various individual calculations, including exponential calculations, by using parentheses whereby the "parenthesized calculations have precedence to any other calculations." The Board, agreeing with the Examiner, stated: "[W]e similarly understand the [Sharp] reference to perform a parenthesized high power calculation first before this result is utilized as the power to the base number itself." *BPAI Decision* at 3.

The Board's task was to determine whether the Examiner correctly found claim 1 to be anticipated by the Sharp reference, both in light of the language of claim 1 and the corresponding description in the specification of the '657 application. The Board noted that Mr. Wong failed "to argue [that] the actual features of the claimed invention ... are not taught or inherently found within the references argued by the examiner." *Id.* Instead, the Board determined that Mr. Wong's arguments appeared "to be irrelevant to the actual rejection of the claim on appeal." *Id.* After reviewing Mr. Wong's February 28, 2002 appeal brief to the Board, we agree with the Board's conclusion that "to a great extent appellant argues in the brief the disclosure rather than the actual claimed invention." *Id.* Moreover, reviewing claim 1 in light of the specification and the Sharp reference, we conclude that there is substantial evidence to support the Board's determination that "because the claim contains no recitations in any manner, such as in the form of a negative limitation that it functions without the use of parenthetical elements, the claim clearly reads upon the subject matter disclosed in Sharp as argued by the examiner." *Id.* at 4.

Mr. Wong fails to recognize that "the name of the game is the claim." *In re Hiniker Co.,* 150 F.3d 1362, 1369 (Fed.Cir. 1998). Mr. Wong's invention may very well be outstanding in its field. Nonetheless, the single broad claim and equally broad specification of the '657 application fail to specifically distinguish the invention from the prior art cited by the Examiner. When claim 1 is given its broadest reasonable interpretation, the claim "sweeps in the prior art." *Id.* at 1368.

For the foregoing reasons, we affirm the decision of the Board.

No costs.