NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5059

DR. PO KEE WONG,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Dr. Po Kee Wong, of Silver Spring, Maryland, pro se.

Conrad J. DeWitte, Jr., Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, and John Fargo, Director.

Appealed from: United States Court of Federal Claims

Judge Lawrence M. Baskir

NOTE:  This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-5059

DR. PO KEE WONG,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims
in 08-CV-395, Judge Lawrence M. Baskir.

_____

DECIDED:    July 9, 2009

_____

Before NEWMAN, CLEVENGER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Dr. Po Kee Wong appeals from the final judgment of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  <u>Dr. Po Kee Wong v. United States</u>, No. 08-CV-395 (Fed. Cl. Feb. 25, 2009).  For the reasons set forth below, we <u>affirm</u>.

I

Dr. Wong, a former Boston public school teacher, is an inventor.  He holds several patents including U.S. Patent No. 5,848,377 ('377) (Wong's Angles to

Determine Trajectories of Objects), U.S. Patent No. 5,084,232 ('232) (Trajectory Solid Angle's Impacts to Physics and High Technologies), and U.S. Patent No. 6,430,516 B1 ('516) (High Speed Rotating Shafts and Methods of Characterizing Same). He also prosecuted patent application Serial No. 08/980,657 ('657), entitled "Uniquely-Corrected System and Method to Compute High Power Functions." The Patent Office finally rejected that application, and Dr. Wong appealed the rejection to this court. We affirmed the rejection. In re Po Kee Wong, 80 Fed. App'x. 107, 108 (Fed. Cir. 2003). In 2004, the Patent Office issued a notice of abandonment regarding his application, and Dr. Wong's attempt to revive the application failed in 2005. He sought review in this court, but we dismissed his appeal for want of jurisdiction because review of the denial of a petition to revive lies in the United States District Court. See In re Po Kee Wong, 188 Fed. App'x. 981 (Fed. Cir. 2006).

II

Dr. Wong filed the complaint in this case pro se on May 30, 2008. The complaint comprised a cover sheet, certificates of service and 106 pages of correspondence between Dr. Wong and employees of various government agencies. On June 24, 2008, the government moved to dismiss the complaint under Rules 12(b)(1) (lack of subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief may be granted).

On January 12, 2009, the Court of Federal Claims issued an order requiring Dr. Wong to show cause why his complaint should not be dismissed as requested by the government. The court noted that it holds a pro se plaintiff to "less stringent standards than formal pleadings drafted by lawyers," citing Haines v. Kerner, 404 U.S.

519, 520 (1972), and it construed the complaint liberally to articulate the causes of action pleaded by Dr. Wong in his complaint. The Court of Federal Claims found three possible separate causes of action stated in the complaint.

First, Dr. Wong asserted patent infringement by the government of his '232, '377 and '516 patents. The Court of Federal Claims noted that the correspondence filed with the complaint showed unsuccessful attempts by Dr. Wong to win licenses from various agencies to practice his patents, but the complaint did not assert any facts that would establish use or manufacture by the government of the asserted patents. However, rather than dismiss the patent claims for failure to state a claim under Rule 12(b)(6), as the government then sought, the Court of Federal Claims gave Dr. Wong another opportunity to make his patent case in response to the show cause order.

Second, Dr. Wong's complaint sought relief regarding his '657 application, which, as noted above, was finally rejected and abandoned. In his complaint, he urged the Court of Federal Claims to declare the '657 a meritorious application and to order the Solicitor General to take steps to achieve issuance of a patent. The show cause order noted that the Court of Federal Claims has limited authority to issue declaratory judgments, and that Dr. Wong needed to point to a money-mandating provision of law giving him a substantive right to permit the court to revive his '657 application. Otherwise, the Court of Federal Claims stated that it would have to dismiss this aspect of the complaint for want of jurisdiction.

Third, Dr. Wong sought relief against the Boston Retirement Board, which allegedly had denied him certain employment credits. His previous attempts to obtain such relief in the Massachusetts state courts had failed. See Wong v. Boston

<u>Retirement Bd.</u>, 861 N.E. 2d 420, 421 (Mass. 2007). In response to this aspect of the complaint, the Court of Federal Claims stated that it was unaware of any authority that would permit it to award monetary relief to a state employee alleging wrongly withheld employment credits. Notwithstanding issues of res judicata, the Court of Federal Claims gave Dr. Wong another chance to demonstrate why this aspect of the complaint should not be dismissed for want of jurisdiction.

In response to the show cause order, Dr. Wong averred that his patent claims would be shown to have merit if the court would issue subpoenas to "the parties of concerns." With regard to the '657 application issue, Dr. Wong stated that other applications (apparently related to the '657) were pending at the Patent Office. He provided no specific information with regard to his Boston Retirement Board claim.

III

On February 25, 2009, the Court of Federal Claims issued its decision on the show cause order. The court concluded that Dr. Wong had failed to produce any facts upon which he could sustain his allegation that the government had infringed his patents. Accordingly, the court dismissed this claim under Rule 12(b)(6).

Next, the court noted that Dr. Wong's prayer for relief with regard to the '657 appliction fell short, because he could not identify a money-mandating provision of law giving him a substantive right to the relief sought. The court rejected this aspect of the complaint under Rule 12(b)(1). Finally, the court rejected Dr. Wong's claim for withheld state employment credits for the same reason: lack of a showing of any provision of law that would permit the court to grant the relief sought. Thus, the court granted the government's motion to dismiss the complaint.

IV

Dr. Wong timely appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(3). We review a dismissal under Rules 12(b)(1) and (6) as an issue of law, leaving no deference to the trial court. See Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000). We accept the allegations in a complaint as true, construing them favorably to the plaintiff.

With regard to Dr. Wong's patent infringement case, the facts at most show that he does own patents, and that he sought to license them to various government agencies, and that the government would need to construct facilities before it could practice the claims of the patents. Without more, we must affirm the dismissal of the patent infringement claims.

As for Dr. Wong's request that the court bring the '657 patent application back to successful life, and his request for relief from the state agency, we agree that Dr. Wong has failed to meet his burden to show jurisdiction in the Court of Federal Claims.

CONCLUSION

For the foregoing reasons, we affirm the dismissal of Dr. Wong's complaint.

COSTS

Each party shall bear its own costs.