NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5054

STANLEY R. SILER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Stanley R. Siler, of Salem, Oregon, pro se.

Robert G. Hilton, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, and John Fargo, Director.

Appealed from:  United States Court of Federal Claims

Judge Nancy B. Firestone

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5054

STANLEY R. SILER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-099,
Judge Nancy B. Firestone.

_____

DECIDED:  October 8, 2008

_____

Before RADER and SCHALL, Circuit Judges, and ALSUP, District Judge.[*]

PER CURIAM.

## DECISION

Stanley L. Siler appeals the order of the United States Court of Federal Claims
that dismissed his complaint for lack of jurisdiction.  Siler v. United States, No. 08-099C
(Fed. Cl. Mar. 6, 2008)  We affirm.

---

[*]     Honorable William H. Alsup, District Judge, United States District Court
for the Northern District of California, sitting by designation.

DISCUSSION

I.

In his complaint, Mr. Siler alleged that the United States, through the United States Courts, had "damaged" his copyright and trademark (i) "by breach of duty, breach of trust, with fraudulent intent, done through negligence" and (ii) by engaging in unfair trade practices and unfair competition." Specifically, Mr. Siler contended that, in prior legal actions, various state and federal courts did not rule on his motions, did not give him an opportunity to appear and/or be heard, and that the government seized his property and had him arrested. The Court of Federal Claims dismissed the complaint for lack of jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1)(1992). At the same time, the court noted that, to the extent the complaint could be read as alleging under 28 U.S.C. § 1498(b)(1997) that the government had directly infringed his copyright or trademark, Mr. Siler had failed to state a claim upon which relief could be granted. In that regard, the court stated, the complaint was subject to dismissal under RCFC 12(b)(6). Mr. Siler timely appealed the court's order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II.

The Court of Federal Claims did not err in dismissing Mr. Siler's complaint. Pursuant to 28 U.S.C. § 1491 (a)(1), the Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." Mr. Siler's allegations about

actions and rulings of various courts do not come within the jurisdictional grant of section 1491(a)(1). In addition, the Court of Federal Claims is not empowered to review the decisions of the state and federal courts in which Mr. Siler has filed complaints. As the court pointed out, "[t]he appropriate procedure for Mr. Siler to seek review of other courts' decisions is through the appellate process of each court." Siler, No. 08-099C, slip op. at 3. In other words, if Mr. Siler is dissatisfied with the action or ruling of a particular court, he should appeal to the appropriate appellate court. He should not go to the Court of Federal Claims.

The Court of Federal Claims also did not err in noting that, to the extent Mr. Siler was asserting a claim of trademark or copyright infringement, the claim was subject to dismissal for failure to state a claim upon which relief could be granted. To begin with, no statute gives the Court of Federal Claims jurisdiction over trademark claims. As far as any copyright infringement claim under 28 U.S.C. § 1498(b) is concerned, no action for infringement of copyright may be instituted until registration of the copyright has taken place, or until the Copyright Office has refused to register the alleged copyright. 17 U.S.C. § 411(a). This is a jurisdictional requirement. See, e.g., Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d 1146, 1154 n.1 (9th Cir. 2007); Xoom, Inc. v. Imageline, Inc., 323 F.3d 279, 283 (4th Cir. 2003). Mr. Siler's complaint did not allege that any copyright was registered or that any copyright registration was refused. Neither for that matter, did the complaint allege any facts demonstrating that the United States had appropriated any copyright held by Mr. Siler.

For the foregoing reasons, the order of the Court of Federal Claims dismissing Mr. Siler's complaint is affirmed.