NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5130

STANLEY R. SILER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Stanley R. Siler, of Salem, Oregon, pro se.

Robert G. Hilton, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, and John Fargo, Director.

Appealed from: United States Court of Federal Claims

Judge Francis M. Allegra

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5130

STANLEY R. SILER,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 09-CV-167,
Judge Francis M. Allegra.
_____

DECIDED: February 2, 2010
_____

Before MAYER, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Stanley R. Siler appeals the order of the United States Court of Federal Claims dismissing his complaint as barred by the doctrine of res judicata. See Siler v. United States, No. 09-167C (Fed. Cl. July 10, 2009). The trial court also held that, even if res judicata did not apply, the case would still be dismissed for lack of jurisdiction and failure to state a claim. We affirm.

Along with numerous actions in other courts, Siler has previously filed four complaints in the Court of Federal Claims. We affirmed the dismissals of these four cases, each of which vaguely alleged that the United States had interfered with Siler's

copyrights. His most recent complaint once again implies that the United States has in some manner interfered with his copyrights, and argues that the United States courts have acted unfairly in adjudicating his prior claims. The complaint also makes several allegations of negligence against private individuals based on personal injuries Siler allegedly suffered in 1983.

As noted by the trial court, Siler's allegations of negligence and claims against private individuals are outside that court's limited jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Nor does the court have jurisdiction to review decisions of other federal courts. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994).

Regarding Siler's copyright allegations, the Court of Federal Claims correctly stated that the United States can only be held liable for direct appropriation, not for inducing or allowing others to infringe a copyright. Boyle v. United States, 200 F.3d 1369, 1373 (Fed. Cir. 2000). Siler's complaint does not allege any facts that would show that the government has directly appropriated his copyright and therefore fails to state a claim upon which relief could be granted. Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (explaining that a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to avoid dismissal).

Because Siler failed to raise any valid claim over which the Court of Federal Claims has jurisdiction, his complaint was appropriately dismissed. We need not reach the dismissal based on <u>res</u> <u>judicata</u>.