NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STANLEY R. SILER,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant- Appellee.*

---

2011-5017

---

Appeal from the United States Court of Federal Claims in Case No. 10-CV-134, Judge Francis M. Allegra.

---

Decided: April 7, 2011

---

STANLEY R. SILER, of Salem, Oregon, pro se.

ALEXIS J. ECHOLS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before BRYSON, MOORE, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Stanley R. Siler appeals from an order of the United States Court of Federal Claims dismissing his complaint, in which he alleged copyright infringement by the United States.

In a previous case, the Court of Federal Claims dismissed a similar action brought by Mr. Siler as barred by res judicata and for failure to state a claim upon which relief could be granted. *Siler v. United States*, No. 09-167 (Fed. Cl. July 10, 2009), *aff'd*, 363 F. App'x 750 (Fed. Cir. 2010). In its order disposing of that case the court noted that Mr. Siler had filed numerous similar actions, including four different actions in the Court of Federal Claims asserting copyright infringement. In light of the numerous and redundant actions filed by Mr. Siler, the court directed Mr. Siler to obtain advance written permission from the court before filing any actions relating to the allegations raised in that case.

Notwithstanding the trial court's order in that case, Mr. Siler filed this action without seeking or obtaining advance written permission from the court. The court found that the allegations in this case are similar to those made in Mr. Siler's earlier dismissed complaints. The court therefore dismissed the complaint.

Mr. Siler has not challenged the propriety of the trial court's earlier order requiring him to obtain written permission to file any new action relating to the subject matter of his previous copyright infringement complaints. Nor has he suggested that he complied with that order or attempted to comply with it. We conclude that the trial court acted lawfully in requiring Mr. Siler to obtain

advance written permission to file new actions relating to the same subject matter, particularly in light of his practice of repeatedly raising the same claims in successive actions. *See Siler v. United States*, No. 08-099, 2008 WL 1991170, at *1-2 (Fed. Cl. Mar. 6, 2008) (collecting cases), *aff'd*, 296 F. App'x. 32 (Fed. Cir. 2008). Mr. Siler's complaint in this case was clearly related to the subject matter of his prior actions, and his act of filing that complaint without obtaining prior permission from the court therefore plainly violated the court's earlier order. Accordingly, we uphold the order of the Court of Federal Claims dismissing Mr. Siler's complaint.

**AFFIRMED**